FILED
 2021 Jun-07  PM 04:04
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **BOBBY KEMP,** | ) |
| **PLAINTIFF,** | ) |
| v. | ) **CIVIL ACTION NUMBER:** |
| **DURHAM & DURHAM, LLP,** | ) |
| **DEFENDANT.** | ) |

## COMPLAINT

This is an action brought by the Plaintiff, Bobby Kemp, for statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331.  Venue is proper in that at all relevant times the Defendant transacted business in this District, and the Plaintiff resides in this District.

### STATEMENT OF THE PARTIES

1. Plaintiff, Bobby Kemp, is over the age of nineteen (19) years and is a resident of the city of Moody in St. Clair County, Alabama.

2. Defendant **DURHAM & DURHAM, LLP**, (hereinafter referred to as "Durham") is a law firm located in Atlanta, Georgia that is primarily engaged in debt collection. As such, Plaintiff asserts that Defendant Durham is a debt collector as defined by the Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. §1692(a)(6).

### STATEMENT OF FACTS

*Background*

3. On or about October 20, 2019, Plaintiff sought and received medical treatment from Trinity Emergency Physicians, LLC.

4. Sometime thereafter, Trinity Emergency Physicians, LLC hired or retained Durham to collect an outstanding balance for the medical treatment rendered to Plaintiff.

5. The debt Durham was hired to attempt to collect from the Plaintiff was incurred for personal, family, or household services, and, as such, was a "debt" as defined by the FDCPA at 15 U.S.C. §1692a(5).

6. On or about March 16, 2021, Durham sent a collection letter to the Plaintiff in an attempt to collect the debt.

7. However, rather than preparing and mailing a collection letter on its own, Durham sent information regarding the Plaintiff and the debt to

a third-party commercial mail house located in or around Oaks, Pennsylvania (hereinafter referred to as "the mail house").

8. Durham disclosed to the mail house:

   a. Plaintiff's status as a debtor;

   b. the fact that Plaintiff allegedly owed $1,020.00 to Trinity Emergency Physicians, LLC;

   c. the fact that the debt concerned medical treatment rendered to the Plaintiff;

   d. Plaintiff's name and address;

   e. that the debt was an "Outstanding Medical Invoice;"

   f. the date of the medical treatment provided to the Plaintiff.

9. The mail house then populated some or all of this information into a pre-written template, and then printed and mailed the letter from Pennsylvania to the Plaintiff's residence in Alabama.

10. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

11. The sending of an electronic file containing information about Plaintiff's purported debt to a mail house is therefore a

communication as that term is defined by the FDCPA.

12. Durham's communication to the mail house was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communicating with the Plaintiff in an effort to motivate or compel the Plaintiff to pay the alleged debt.

13. Plaintiff never consented to having his personal and confidential information concerning the debt, shared with anyone else.

14. In limiting disclosures to third parties, the FDCPA states at 15 U.S.C. § 1692c(b):

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the ***consumer***, his ***attorney***, a ***consumer reporting agency*** if otherwise permitted by law, the ***creditor***, the ***attorney of the creditor***, or the ***attorney of the debt collector***.  (Emphasis added).

15. The mail house used by Durham as part of its debt collection efforts against the Plaintiff does not fall within any permitted exception

provided for in 15 U.S.C. § 1692c(b).

16. The 11th Circuit, in *Hunstein v. Preferred Collection & Mgmt. Servs.*, No. 19-14434, 2021 U.S. App. LEXIS 11648, (11th Cir. Apr. 21, 2021), recently held that the plaintiff in *Hunstein*, who alleged conduct substantially similar to Durham's conduct in this matter, namely transmitting information regarding a debt to a third-party mail house, appropriately had standing and stated a claim under the FDCPA, specifically 15 U.S.C. 1692c(b).

17. Due to Durham's communication to the mail house, information about the Plaintiff, including his name, address, the amount allegedly owed, as well as the fact that the debt concerned medical treatment rendered by Trinity Emergency Physicians, LLC and the date of said treatment are all within the possession of an unauthorized third-party.

18. Durham unlawfully communicated with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits and without regard to the regulations imposed by the FDCPA or the propriety and privacy of the information which it discloses to such third-party.

## COUNT ONE

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692c(b)

19. Defendant's conduct, as outlined herein, violates 15 U.S.C. § 1692c(b).

20. As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant Durham.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Mr. Bobby Kemp
c/o Plaintiff's Counsel
P.O. Box 10448
Birmingham, AL 35202-0448

**PLEASE SERVE THE DEFENDANT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**DURHAM & DURHAM, LLP**
c/o Peter Durham, Esq.
5665 New Northside Drive, Suite 510
Atlanta, GA 30328